Babu SINGH, Petitioner,

v.

David H. MILLER, Superintendent of Eastern Correctional Facility, Respondent.

No. 03–2745.

United States Court of Appeals, Second Circuit.

July 1, 2004.

Richard Ware Levitt, New York, NY, for Petitioner.

Donna Aldea, Assistant District Attorney, Queens County, N.Y. (Richard A. Brown, District Attorney, John M. Castellano, Johnnette Traill, Assistant District Attorneys, on the brief) Kew Gardens, NY, for Respondent.

PRESENT: MINER, STRAUB, Circuit Judges and FEUERSTEIN,* District Judge.

## SUMMARY ORDER

Petitioner, Babu Singh ("Singh") appeals from the judgment and order of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*), entered on September 29, 2003, denying his petition for a writ of habeas corpus. Singh was convicted in the Supreme Court, Queens County after a bench trial of second degree murder, criminal possession of a forged instrument, second degree criminal impersonation, and two counts of leaving the scene of an accident. He was sentenced to a term of imprisonment of 17 years to life on April 26, 2000.

Singh argues that he was denied a full and fair opportunity in the state courts to litigate his Fourth Amendment claim that his inculpatory statements should be suppressed for lack of probable cause. In proceedings in the state courts and in the District Court, Singh argued principally that the denial of a *Dunaway* hearing deprived him of an opportunity to probe the truthfulness of the statements the informant gave to the arresting officer that provided probable cause for his arrest. *See generally Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). The state appellate court considered and rejected this argument, as did the District Court, which observed "[w]hether or not [the informant] was lying is, however, not relevant to the probable cause analysis [because] petitioner of-

* The Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, sitting by designation.

fered no support ... for the claim that the arresting officer had reason to know that [the informant] was lying." In this appeal, Singh presents a subtle shading to his argument. Singh argues here that the deprivation of a *Dunaway* hearing prevented him from probing the truthfulness of the testimony of the *arresting officer* as to what the informant told him. Both arguments are unavailing because Singh was given ample opportunity in the state courts to inquire into the identity of the informant and the circumstances of the arrest, as well as to cross-examine the arresting officer.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). "If the state provides no corrective procedures at all to redress Fourth Amendment violations, federal habeas corpus remains available. It may further be that even where the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process, the federal intrusion may still be warranted." *Gates v. Henderson,* 568 F.2d 830, 840 (2d Cir.1977) (in banc). "In *Stone* all that the Court required was that the state have provided the *opportunity* to the state prisoner for full and fair litigation of the Fourth Amendment claim." *Id.* at 839. We have held that the focus of the inquiry as to whether there has been an "unconscionable breakdown" in the state corrective process is on "the existence and application of the corrective procedures themselves" rather than on the "outcome resulting from the application of adequate state court corrective procedures." *Capellan v. Riley,* 975 F.2d 67, 71 (2d Cir.1992).

Singh does not and cannot contend that New York does not provide corrective procedures for violations of Fourth Amendment rights. Rather, he argues that there was an "unconscionable breakdown" in those procedures because he was denied a *Dunaway* hearing in which he would have inquired into whether the arresting officer lied as to what the informant told him.

The record reveals that at every stage of the state proceedings Singh was afforded an ample opportunity to vindicate his Fourth Amendment rights. At the pretrial suppression hearing, although no *Dunaway* hearing was ordered, Singh was given wide latitude by the hearing officer to examine the identity of the informant, to probe the informant's relationship to the police, *and to cross-examine the arresting officer as to his basis for probable cause.* At trial, the court determined that it would not disturb the finding of the hearing officer that there was no basis to suppress Singh's inculpatory remarks. After the arresting officer had testified, however, the trial court did permit Singh to seek leave to reopen the suppression hearing *in order to probe the truthfulness of the arresting officer's testimony.* On the record before us, it appears that Singh failed to avail himself of that opportunity. Singh thereafter raised his Fourth Amendment argument on appeal. The Appellate Division, Second Department rejected his argument, and affirmed Singh's conviction and sentence. Singh's application for leave to appeal to the New York Court of Appeals was denied on December 18, 2001.

The record reveals that Singh has had ample opportunity to vindicate his Fourth Amendment rights in the state courts, and that no "unconscionable breakdown" occurred. We have considered all of Singh's contentions made on appeal and have

found them to be without merit. The judgment of the District Court is hereby AFFIRMED.